UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
HUGO MATEO and OSFIA VILLELLA CLAUSSEN, :
individually and on behalf of all other :
persons similarly situated,             :
                            Plaintiffs, :    10 Civ. 2465 (DLC)
                                        :
                -v-                     :    MEMORANDUM
                                        :    OPINION & ORDER
GREENWICH VILLAGE ENTERTAINMENT GROUP   :
LLC and STEVEN BENSUSAN,                :
                            Defendants. :
----------------------------------------X

DENISE COTE, District Judge:

On December 16, 2010, the named parties in this putative collective action brought under the Fair Labor Standards Act ("FLSA") executed a settlement agreement ("Agreement") that provided for a payment of less than the full sum of liquidated damages mandated by the FLSA. See 29 U.S.C. § 216(b). An Order of January 18, 2011 advised the parties that the terms of the Agreement would have to be subjected to judicial review before this case could be dismissed. Both parties submitted letters in response to the January 18 Order. For the following reasons, the Agreement is approved, and the lawsuit is dismissed.

BACKGROUND

Hugo Mateo ("Mateo") and Sofia Claussen ("Claussen") commenced this action on March 18, 2010, alleging that their employer -- the defendants Greenwich Village Entertainment Group LLC ("Greenwich") and Steven Bensusan -- violated the FLSA and

New York State labor laws.  The complaint was filed as a collective action and nine additional plaintiffs subsequently joined the suit.

Plaintiffs are servers, runners, bussers and/or barbacks at Highline Ballroom ("Highline"), a food, music, and entertainment venue owned and operated by the defendants.  In their complaint, plaintiffs alleged that the defendants took a tip credit for all the time the that plaintiffs performed their job duties, despite failing to first inform plaintiffs of the federal and state minimum wage and tip credit laws (the "tip credit claim").  Plaintiffs also claimed that the defendants failed to pay overtime compensation required by federal and state law and regulations to plaintiffs who worked over forty hours per week (the "overtime claim").

During a Court-ordered mediation, defendants produced documentary evidence demonstrating that upon commencing employment at Highline, all plaintiffs signed a form acknowledging receipt of the Highline's employee handbook, which included information about the tip credit and minimum wage laws. In light of this discovery, the plaintiffs could not prevail on the tip credit claim and the most they could recover in damages for the overtime claim was approximately $42,500 in back wages. At the mediation, the parties agreed to settle the action for a one-time payment of $30,000.  Of this amount, $12,600.20 will go

2

to plaintiffs' attorney for legal fees and expenses. If the Agreement is approved, the parties request that the action be withdrawn with prejudice to the plaintiffs.

DISCUSSION

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946). In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements. Id. at 113 n.8. The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." Id. Based on D.A. Schulte's dicta, several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir.

3

1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947). In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned." Id. at 961.

The plaintiffs in this case have sufficiently supported the Agreement and demonstrated that it represents a fair and equitable settlement of their bona fide dispute with their employer. The settlement amount in this case is less than the full amount of the plaintiff's claim -- significantly so when the attorneys' fees and costs are considered. Under the circumstances, however, this amount is reasonable and fair. First, plaintiffs did not have any documentary evidence to corroborate their claims while defendants produced documentary evidence demonstrating that the plaintiffs had notice of the federal and state minimum wage and tip credit laws. Second, the Agreement was only reached following a Court-ordered mediation at which both parties were represented by competent counsel and five plaintiffs actively participated in the negotiations. And, third, since plaintiffs did not make a request for certification of the putative collective action and there has been no publicity or notoriety concerning the case, potential class

members who are not part of the Agreement will not be prejudiced by it.

The prohibition on waiver of FLSA claims except pursuant to a settlement supervised by the Secretary of Labor or an agreement that is judicially approved is meant to protect employees from inequality in bargaining powers. See D.A. Schulte, 328 U.S. at 115. Plaintiffs, though, have been represented by counsel throughout this lawsuit, a fact which further supports the conclusion that the plaintiffs' interests in this case have been adequately safeguarded.

CONCLUSION

The parties' December 16, 2010 Agreement is approved, and this action is dismissed with prejudice as to the plaintiffs.

SO ORDERED:

Dated:   New York, New York
         February 1, 2011

           _____
                    DENISE COTE
              United States District Judge